STATE OF VERMONT

ENVIRONMENTAL COURT

}
In re: Hubbard Subdivision } Docket No. 207-8-06 Vtec
    (Appeal of Cook, et al.) }
}

Decision and Order on Appellee-Applicants' Renewed Motion for Summary Judgment

    Appellants Constance Cook, and her brother and sister-in-law Edward Dumas and Rosita Dumas, appealed from a decision of the Planning Commission of the Town of Rutland dated August 17, 2006, approving the final plat for a two-lot subdivision proposed by Appellee-Applicants Tracy and Nancy Hubbard. Appellants are represented by Kevin Candon, Esq.; Appellee-Applicants are represented by Matthew Branchaud, Esq.

    Appellee-Applicants have renewed their motion for summary judgment, pursuant to the Court's ruling in its April 24, 2007 decision, which granted Appellee-Applicants' earlier motion for summary judgment in part by dismissing Appellants' Questions 4 and 5, but denied the motion as to Questions 1, 2, 3, and 6 as the governing regulations had not been provided. That decision noted, as to Questions 1 and 2 involving the scope of the easement, that this Court:

> does not have jurisdiction of litigation of any property law issues as among the parties with regard to the interpretation of the easement. (Citation omitted.) All that the Court can determine as to Questions 1 and 2 is whether the proposed subdivision meets whatever standards may exist in the subdivision regulations with respect to the creation of a parcel on which no improvements are proposed to be constructed, and on which deer are proposed to be kept.

That decision allowed Appellee-Applicants to renew their motion for summary judgment as to Questions 1, 2, 3 and 6 upon providing the Subdivision Regulations (and any other pertinent regulations incorporated by reference in the Subdivision Regulations).

1

However, in their response to the present motion for summary judgment, Appellants acknowledge that

> [s]ince the filing of the Appeal Applicants have put in place a road to a new house they intend to build on property adjacent to the parcel they wish to subdivide. This road would provide alternate access to the proposed subdivision. Therefore, as a practical matter, the easement issues are made moot because the proposed subdivision would have alternate access. For this reason, and in light of the Environmental Court's earlier rulings, Appellants will not pursue Questions 1 and 2.

Accordingly, Questions 1 and 2 of the Statement of Questions are hereby DISMISSED as withdrawn by Appellants as moot. The undisputed facts as to the orientation of the parties' respective parcels was established in the earlier summary judgment decision and will not be repeated here except as necessary to establish the relative locations of the parties' properties.

All of the parties own land in the Town of Rutland accessed from Perkins Road; none of the parties' lots has frontage on Perkins Road. Appellee-Applicants own a 13.1-acre parcel of land containing their house, which they purchased in 2000 from Jeffery and Kimberly (daughter of Appellants Dumas) Elnicki. Property now or formerly owned by the Rutland Fire Clay Company adjoins the Hubbard property to the north. Appellant Cook's property adjoins the Hubbard property to the west. The property of Edward II and Shelley A. Dumas (son and daughter-in-law of Appellants Dumas, not involved in this litigation) adjoins the Hubbard property to the southeast. Other property of the Hubbard family, owned by a family trust and occupied by Appellee-Applicant Tracy Hubbard's father (not involved in this litigation) adjoins the Hubbard property to the southwest. The property of Appellants Dumas adjoins the Hubbard property to the north and east. In addition, Appellants Dumas own property to the north of the Rutland Fire Clay Company property, between it and Perkins Road, that is not at issue in this litigation.

Access to Perkins Road from Appellant Cook's property is via a separate private

road not at issue in this litigation. Access to Perkins Road for the remainder of the litigants is via a private road now known as Dailey Place, which runs from Perkins Road across Appellants Dumas' other property, then across the land now or formerly of the Rutland Fire Clay Company, and serves lands south of that property. There appear to be three residences using the Dailey Place easement: the then-"present residence[1]" of Appellants Dumas referred to in the deed, that of the Hubbards, and that of Edward II and Shelley A. Dumas, to the south of the Hubbard Lot.

Appellee-Applicants' propose to subdivide their 13.1 acre parcel into Lot 2A (a 9.7-acre unimproved parcel) and Lot 2B (the 3.4-acre parcel containing their residence). Approximately five acres of Lot 2A is now fenced and houses twenty-two New Zealand Red Deer. Disputed facts as to whether the deer are being kept as a hobby or for commercial purposes related primarily to a condition of the easement deed no longer at issue in this case, which prohibits the use of the easement "for commercial purposes."

Lot 2A is not proposed for any construction or further development. Adjoining Lot 2A to the south are lands of the Hubbard family, owned by a trust and occupied by Appellee-Applicant Tracy Hubbard's father. Lot 2A contains a drilled well serving the Hubbard house, the water line for which runs along the easement of Dailey Place to the Hubbard house.

Lot 2A contains an existing shallow well, close to its northerly boundary and within the fenced deer area; that shallow well serves Appellants Dumas' house. Another shallow well, serving the Cook property, is located just to the north of the Lot 2A property line. Appellee-Applicants dispute Appellant Cook's right to have a pipe from this well to her property run across their property. Both shallow wells are contaminated with E. coli

---

[1] The location of that residence was not been established as an undisputed fact or submitted by affidavit to date in this litigation; however, due to the withdrawal of Questions 1 and 2 it is no longer a material fact.

bacteria. Facts are disputed as to whether the contamination is inherent in shallow wells of these types, and as to whether the contamination is due to the deer or to other animals in the vicinity.

Questions 3 and 6 relating to Appellants' shallow wells and drinking water

Question 3 asks whether the Court should deny subdivision approval under §185-5 of the Subdivision Regulations (specifically Subsection D) on the basis that the keeping of deer on the property "adversely affects the wells and drinking water of Appellants." Question 6 asks whether the Court should deny subdivision approval on that basis that the subdivision proposal "does not take into account protection for the wells and water supply for Appellant[s'] homes."

As the Court noted in its earlier summary judgment decision, this Court does not have jurisdiction over litigation of any property law or nuisance claims as among the parties regarding their wells or water supply, including any filed under the groundwater private right of action under 10 V.S.A. §1410. All that the Court can determine as to these Questions 3 and 6 is whether the proposed subdivision meets whatever standards exist in the Subdivision Regulations with respect to protection of shallow wells serving neighboring property.

Unlike some other municipalities' subdivision regulations, the Town of Rutland Subdivision Regulations do not appear to require that a proposed subdivision comply with zoning[2] regulations or any other regulations that might establish performance standards for land uses. Therefore, with respect to Question 3 in the present appeal the Court is limited to determining whether the existing use of a portion of proposed Lot 2A for the

---

[2]  Indeed, there is no indication as to whether the Town of Rutland has adopted zoning regulations.

keeping of deer meets the requirements of the Subdivision Regulations.

Several sections of the Subdivision Regulations address surface and groundwater quality, stormwater runoff, and the protection of public health, but no specific requirement of the Subdivision Regulations protects the water supplies of adjacent properties. Section 185-5 lays out the "broad considerations" in subdivision review. Subsection D requires the "[p]rovision of adequate safeguards to protect the <u>general public</u> from the perils of . . . water pollution or other threats to <u>public health</u> . . . ;" while subsection B considers the "recognition of a desirable relationship to . . . groundwater and surface water hydrology, including the natural drainage pattern, and to the groundwater table." (Emphasis added.) In addition, §185-35 requires an "adequate surface stormwater drainage system for the entire subdivision area" and provides that the Planning Commission may require the subdivider "to carry away by pipe or open ditch any spring- or surface water that may exist either previous to or as a result of" the subdivision.

Appellants state in their memorandum in response to the renewed motion for summary judgment only that they "are prepared to present evidence of stormwater flowing into a well as a result of the deer yard," although they have not come forward with that evidence by an affidavit or in a statement of undisputed facts as required by V.R.C.P. 56(c)(1) and (2) to establish a disputed material fact for trial. If they do so on or before September 7, 2007, then Questions 3 and 6 of Appellants' Statement of Questions present a genuine issue for trial and summary judgment will be DENIED as to Questions 3 and 6. Absent such affidavit or undisputed fact, on September 10, 2007, Appellee-Applicants' Motion for Summary Judgment will also be granted with respect to Questions 3 and 6 of the Statement of Questions and the appeal will be dismissed.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Questions 1 and 2 of the Statement of Questions are DISMISSED as having been withdrawn

by Appellants as moot. On or before September 7, 2007, Appellants shall come forward with evidence as to Questions 3 and 6 by affidavit or statement of undisputed facts as required by V.R.C.P. 56(c) to establish a disputed material fact for trial. If they do so, as of 4:00 p.m. on September 10, 2007, summary judgment will be DENIED as to Questions 3 and 6; absent such affidavit or undisputed fact, as of 4:00 p.m. on September 10, 2007, Appellee-Applicants' Motion for Summary Judgment will also be granted with respect to Questions 3 and 6 of the Statement of Questions and the Court will issue an order of dismissal of this appeal.

A telephone conference has been scheduled for September 17, 2007 (see enclosed notice) to set a trial date, if the matter is not dismissed. Please be prepared to state whether the parties and their witnesses are available for the morning of October 24, 2007, as well as with their unavailable dates in December of 2007 and January and February of 2008.

Done at Berlin, Vermont, this 22nd day of August, 2007.

_____
Merideth Wright
Environmental Judge